Steven J. Getman, Esq. Informal Opinion Seneca County No. 96-8 Department of Social Services P.O. Box 690 Waterloo, New York 13165-0690
Dear Mr. Getman:
You ask whether a county attorney may deputize attorneys under Social Services Law § 66(1) to help perform his or her duties related to Family Court Act § 254. You also ask whether the process of "deputization" under section 66(1) requires a separate appointment by the county attorney and an administration of the oath of office.
Family Court Act Article 2 establishes the statutory framework for providing legal assistance to family court petitioners. Section254 of the Family Court Act requires the appropriate county attorney or corporation counsel to appear in support of any petition brought under the Family Court Act when "requested" to do so by a Family Court judge or the appropriate Appellate Division. Family Court Act § 245(a); 1975 Op Atty Gen (Inf) 92.
Section 66 of the Social Services Law deals with the appointment of attorneys to perform duties associated with social services matters and states in relevant part:
 The legislative body of the county may authorize the appointment of any number of . . . attorneys to perform duties it considers necessary to carry out the provisions of this chapter. However, such legislative body may also authorize that such attorneys, in addition to performing the duties assigned to them by the county commissioner, may be deputized by the county attorney to perform duties on his behalf in connection with the work of the social services department.
Social Services Law § 66(1). This section empowers a county legislature to authorize appointment of attorneys in the county's department of social services and vest them with certain Family Court Act responsibilities. See, 1987 Op Atty Gen (Inf) 89 concluding that a county's legislative body may assign to attorneys in its department of social services the responsibility to represent the county's interest in an extension hearing pursuant to Family Court Act § 756-a. Section 66(1) also permits the county's social services commissioner to assign duties to these attorneys and authorizes the county's legislative body to allow the county attorney to deputize these attorneys to perform social services duties on his behalf. In the absence of a delegation of authority to attorneys in the county's department of social services, the office of county attorney would be responsible for presenting a case in support of a petition at the request of the family court judge. Id.This conclusion is predicated upon a county attorney's statutory duty to "prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors and any officer whose compensation is paid from county funds for any official act". County Law § 501(1).
Therefore, Social Services Law § 66 permits the county legislature to authorize the appointment of department of social services attorneys and the deputizing of these attorneys to assist the county attorney in undertaking certain social service responsibilities such as Family Court Act Articles 3 and 7 (juvenile delinquency and persons in need of supervision) undertakings. See, 1987 Op Atty Gen (Inf) 89;cf. 1970 Op Atty Gen (Inf) 103.
Second, you ask whether use of the term "deputize" in section 66(1) requires a separate appointment by the county attorney and an administration of the oath of office. We note that in a telephone conversation, you indicated that Seneca County Department of Social Services attorneys do not take or file an oath of office with the county clerk.
As we stated above, County Law § 501 requires a county attorney to prosecute and defend all civil actions and proceedings brought by or against the county. Assistant county attorneys may be appointed at the discretion of the county attorney, with each appointment recorded in a writing filed at the office of the county clerk. County Law §502(1). "The person so appointed shall take the prescribed oath of office and furnish any required official undertaking". Id.An assistant county attorney must perform such of the official duties of the county attorney as may be directed by that official. County Law § 502(2). In the absence or incapacity of the county attorney, the assistant county attorney carries out the duties of the office of county attorney. County Law § 502(3). If there is more than one assistant county attorney, the county attorney must designate the order in which the assistant county attorneys are to carry out the duties of the county attorney in the event of his absence or incapacity. County Law § 502(5).
In contrast, section 66(1) of the Social Services Law authorizes the appointment of attorneys in the county's department of social services who may be given specific duties by the legislative body, the county commissioner of social services, or by the county attorney through the deputizing of these attorneys. These social services department attorneys are not assistant county attorneys appointed under section 502 of the County Law who would carry out the duties of the county attorney in the event of his or her absence or incapacity. They are not separately appointed by the county attorney and their responsibilities are limited to those social services duties they are directed to perform. Since they are not assistant county attorneys, they are not required to take an oath of office under section 502 of the County Law. They are deputized for the narrow purpose of assisting the county attorney with the work of the social services department.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY, Assistant Attorney General